70 F.3d 1252
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Santos Huertas LABOY, et al., Plaintiffs, Appellants,
v.
Dr. Luis Rodriguez GONZALEZ, et al., Defendants, Appellees.
 Nos. 92-2363, 95-1531.
 United States Court of Appeals, First Circuit.
 Nov. 21, 1995.
 
 Appeals from the United States District Court For The District of Puerto Rico [Hon. Jaime Pieras, Jr., U.S. District Judge].
 Rafael A. Oliveras Lopez de Victoria on brief for appellants.
 Gladys E. Guemarez and Carlos A. Ramos on brief for appellees.
 D. Puerto Rico.
 AFFIRMED.
 Before LUNCH, Circuit Judge, WATSON, Senior Judge,* and CAMPBELL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Appellant Santos Huertas Laboy brought a malpractice action in the United States District Court for the District of Puerto Rico against the physician allegedly responsible for his mother's death and the physician's insurance company. The insurance company was declared insolvent and its responsibilities were assumed by appellee, the Puerto Rico Miscellaneous Insurance Guaranty Association. The district court held that appellant's claim against the insurance company was time barred because the insurance company was not notified of the claim within the policy period. The physician's insurance policy was a "claims-made" policy which only provides coverage for claims brought to the attention of the insurer during the duration of the policy. On appeal, appellant argues that the claims-made insurance policy violates the Fifth and Fourteenth Amendments of the United States Constitution and their counterparts in the Commonwealth of Puerto Rico Constitution.
 
 
 2
 Because appellant has no fundamental right to bring a claim against the physician's insurance company and because the claims-made policy at issue did not impair any other fundamental right and did not invoke a suspect classification, we apply a rational basis standard of scrutiny.[1] See LCM Enters. v. Town of Dartmouth, 14 F.3d 675, 679 (1st Cir.1994). The claims-made insurance policy will therefore withstand Constitutional challenge if it is rationally related to a legitimate state interest and neither arbitrary, unreasonable, nor irrational. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985). Both the Supreme Court of Puerto Rico and this court have found that claims-made policies serve public interests. Torres v. Estado Libre Asociado de Puerto Rico, 92 JTS 68 (1992) (holding that claims-made policies do not violate public policy); DiLuglio v. New England Ins. Co., 959 F.2d 355, 358 (1st Cir.1992) ("The elimination of 'claims-made' coverage would exacerbate the existing crisis in professional liability insurance coverage, or force significantly higher premiums for assuming the increased risk"). We hold that the claims-made policy satisfies rational basis scrutiny and therefore affirm the district court's dismissal of appellant's claim against the Puerto Rico Miscellaneous Insurance Guaranty Association.
 
 
 3
 We have considered appellant's other arguments and find them to be similarly without merit.
 
 
 4
 Affirmed. Costs to Appellee.
 
 
 
 *
 Of the United States Court of International Trade, sitting by designation
 
 
 [1]
 We need not decide whether there was the necessary "state action" to underpin appellant's Constitutional challenge. Assuming arguendo there was, we nonetheless affirm